IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SCOTT ELLIS, Individually, and on behalf of himself and as Representative of All Others Similarly Situated, | § § § § § | CASE NO. _____ |
| Plaintiff, | § § | |
| v. | § § | |
| YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC. | § § § | DEMAND FOR JURY TRIAL |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

TO THE COURT:

COMES NOW Plaintiff SCOTT ELLIS, individually, and on behalf of himself and as Representative of all others similarly situated complaining of YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC. ("Yellow Book") as follows:

**SUMMARY OF THE CASE**

1.     This is a Texas consumer class action lawsuit brought under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332.

2.     The Plaintiff, a consumer that purchased printed telephone directory advertising from Yellow Book, seeks to represent a class of Texas consumers that similarly purchased directory advertising from Yellow Book and failed to receive the advertising product purchased.

3.     Plaintiff and the putative Class Members seek economic damages, additional DTPA damages, court costs and attorney fees for Yellow Book's deceptive trade practices resulting from the sale of their print directory advertising products to these consumers.

## PARTIES

4.    Plaintiff, Scott Ellis, an individual, is a citizen of the State of Texas and a resident of Tyler, Texas.

5.    Defendant, Yellow Book Sales and Distribution Company, Inc., is a corporation incorporated under the laws of the State of Delaware.  Defendant has its principal place of business in the State of New York.  Defendant may be served with process by serving its registered agent, C T Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

## JURISDICTION

6.    This court has original jurisdiction over the lawsuit because the action arises under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332.  Upon information and belief, the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action involving 100 or more potential class members in which any member of the class of plaintiffs is a citizen of a state different from any defendant.

7.    Further, this court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  The Plaintiff is a citizen of the State of Texas and the Defendant maintains its principal place of business in the State of New York.

## VENUE

8.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTS

### *Plaintiff Scott Ellis*

9.      Plaintiff Ellis purchased full page business telephone directory display advertising from Yellow Book in the Tyler/Smith County 2008-2009 printed edition.

10.     As a result of his negotiation, purchase of advertising and receipt of the 2008-2009 printed directory, Mr. Ellis was familiar with the telephone book page size, which had been standardized by Yellow Book for many years.

11.     About a year later, Plaintiff Ellis contracted for Yellow Book's 2009-2010 directory edition.

12.     The sales solicitation was conducted by a Yellow Book regional representative.

13.     The sales representative explained the features of the 2009-2010 edition, obtained the Plaintiff's agreement to purchase a full page display ad with additional listings, calculated the $1198 monthly charge, and secured the Plaintiff's signature on the contract on March 6, 2009.

14.     Yellow Book did not disclose to Mr. Ellis that the 2009-2010 directory listing that he purchased would be downsized by approximately 26% for the new directory as compared to the then-current 2008-2009 directory.

### *Putative Class Members*

15.     Upon information and belief, a common fact pattern of sales events was experienced by each of the putative Class Members when each purchased display page advertising in the 2009-2010 local Texas directory edition for their geographic area from Yellow Book.

16.     As with the named Plaintiff, each putative Class Member signed a standardized contract form based on a common sales presentation that concealed Yellow Book's intent to downsize the 2009-2010 printed telephone directory.

### *Defendant Yellow Book*

17.     Upon information and belief, Yellow Book did not reduce the price of the 2009-2010 full page[1] display ad to compensate for the reduction in page size.

18.     Nor, did Yellow Book disclose that the new directory would be more difficult to read.

19.     And, Yellow Book did not disclose that the advertising would be less effective because of the smaller page size.

20.     Plaintiff Ellis had no way of knowing that the 2009-2010 directory had been downsized until he received his printed copy months later distributed by Yellow Book.

21.     For many years, up through the 2008-2009 edition, Yellow Book has published regional yellow page telephone directories.

22.     The printed page sizes of these directories were approximately 8"x10-1/4" or 82 square inches.

23.     For the 2009-2010 edition, Yellow Book reduced the directory printed page size to 7"x8-3/4" or 61 square inches.

24.     The page size reduction resulted in an approximate 26% downsizing of the directory.[2]

25.     The page downsizing made the directories more difficult to read.

---

[1] Or, incrementally smaller page sizes, such as ½, ¼ or other display ads.
[2] See Exhibit 1 – 2008-2009 and 2009-2010 Tyler/Smith County Directory Covers.

26.     The page downsizing reduced the marketing effectiveness of the advertising provided in the directories.

27.     Yellow Book did not reduce the price of the full page ad[1] when it reduced the printed page size.

28.     The monetary effect of Yellow Book's page downsizing increased the price per square inch of printed advertising by 34%.

29.     Yellow Book failed to disclose the page downsizing to its advertising consumers.

30.     Yellow Book failed to disclose the increase in price per square inch of printed advertising to its consumers.

31.     Yellow Book failed to disclose the page downsizing to the Plaintiff.

32.     Yellow Book failed to disclose the increase in price per square inch of printed advertising to the Plaintiff.

33.     Yellow Book failed to disclose the page downsizing to the putative Class Members.

34.     Yellow Book failed to disclose the increase in price per square inch of printed advertising to the putative Class Members.

35.     Yellow Book's failure to disclose was committed with actual awareness of the falsity, deception and unfairness of their acts or practices.

36.     The Plaintiff and putative Class Members were damaged as a result of Yellow Book's failure to disclose the page downsizing.

37.     The Plaintiff and putative Class Members were damaged as a result of Yellow Book's failure to disclose the increase in price per square inch of printed advertising.

38.     The Plaintiff and putative Class Members were damaged as a result of Yellow Book's failure to disclose the diminution in advertising effectiveness of the 26% smaller page size.

39.     Plaintiff and putative Class Members are entitled to recovery as set forth herein.

## CLASS ACTION ALLEGATIONS

40.     Under Federal Rule of Civil Procedure 23, Plaintiff Scott Ellis brings this action on behalf of himself and all others similarly situated.  The class that the named Plaintiff seeks to represent is composed of:

> **All Texas Consumers[3] who paid money to Yellow Book Sales and Distribution Company, Inc. for 2009-2010 or later Yellow Book reduced size display advertising or directory listings.**

41.     Upon information and belief, Plaintiff alleges that the Plaintiff Class is so numerous that joinder of all members would be impracticable.  The exact size of the putative class, and the identity of the members of the class, is expected to be ascertainable from the records of Defendant Yellow Book.

42.     Questions of law and fact common to the Plaintiff Class exist that predominate over questions affecting only individual members, including, *inter alia*, the following:

        a.      Whether Yellow Book committed any unconscionable action or course of action under Texas Business & Commerce Code section 17.50(a)(3), and

        b.      Whether Yellow Book knowingly violated the DTPA under Texas Business & Commerce Code section 17.45(9).

43.     The claims asserted by Plaintiff in this action are typical of the claims of the members of the putative class, the claims arise from the same course of conduct by Yellow Book, and the relief sought is common.

---

[3] The term "Consumer" as defined in Tex. Bus. & Com. Code § 17.45(4).  Excluded from the class definition is the State of Texas, a subdivision or agency of the State and any governmental body or agency.

44.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class.  Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

45.     Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

46.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.   Furthermore, because the economic damages suffered by the individual class members may be relatively modest, albeit significant compared to the expense and burden of individual litigation, it would be impracticable for members of the putative class to seek redress individually for the wrongful conduct alleged herein.

47.     There will be no undue difficulty in the management of this litigation as a class action.

## CAUSE OF ACTION

## COUNT ONE – DECEPTIVE TRADE PRACTICES ACT CLAIM (DTPA)

48.     The Plaintiff, individually, and on behalf of the putative Class Members, asserts claims under the Texas DTPA as follows:

49.     Plaintiff and putative Class Members are consumers under the DTPA because these parties are individuals, partnerships, corporations, professional associations and limited liability companies that acquired goods or services by purchase.[4]

50.     Defendant Yellow Book Sales and Distribution Company, Inc. is a corporation

---

[4] *Id.*

that can be sued under the DTPA.[5]

51.    Defendant Yellow Book has no defense as a telephone directory publisher under Tex. Bus. & Com. Code §17.49(a) because the claims made in this case do not involve the publishing or disseminating of false advertising.

52.    Defendant Yellow Book violated the DTPA by engaging in an unconscionable action or course of action that, to the Plaintiffs detriment, took advantage of their lack of knowledge, ability, experience, or capacity to a grossly unfair degree.  Specifically, Yellow Book concealed and withheld the downsizing of its 2009-2010 telephone directory resulting in economic harm or injury to its consumers, the Plaintiff and the putative class members.

53.    Notice to Defendant Yellow Book is not required because it is impractical by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations. Section 17.505(b) provides that notice is not required if it is impractical by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations, the notice provided in § 17.505(a) is not required.

54.    Yellow Book's wrongful conduct was a producing cause of the Plaintiff and putative Class Members' injuries.

55.    Yellow Book acted knowingly, which entitles the Plaintiff and putative Class Members to recover treble damages under Texas Business & Commerce Code § 17.50(b)(1) and for which they seek recovery.

56.    Plaintiff and putative Class Members are entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business and Commerce Code § 17.50(d) and for which they seek recovery.

---

[5] *See* Tex. Bus. & Com. Code §§17.45(3) and 17.50(a)(3).

## DEMAND FOR JURY TRIAL

57.     Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues. The jury fee is paid with the filing of this complaint.


## CONDITIONS PRECEDENT

58.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, individually and on behalf of the putative Plaintiff Class, asks the court to award judgment against Defendant Yellow Book Sales and Distribution Company, Inc. for the following relief:

a.      Actual damages;

b.      Additional damages under Tex. Civ. Prac. & Rem. Code §17.50(b)(1);

c.      Prejudgment and postjudgment interest;

d.      Court costs;

e.      Attorney fees; and

f.      All other relief to which Plaintiff and putative Plaintiff Class is entitled.

Respectfully submitted,

CHARLES E. AMES, P.C.
15455 Dallas Parkway, Suite 600
P. O. Box 142
Addison, TX 75001-0142
Tel. 214-390-8111
Fax 214-390-8112
Charles@CharlesAmes.com

By:  /s/  Charles E. Ames
CHARLES E. AMES
State Bar No. 00795221

ATTORNEY IN CHARGE FOR THE
PLAINTIFF AND THE PUTATIVE
PLAINTIFF CLASS

THOMAS A. CROSLEY
State Bar No. 00783902
**THE CROSLEY LAW FIRM, P.C.**
McCombs Plaza, Suite 250
755 E. Mulberry
San Antonio, Texas  78212
Tel. 210-354-4500
Fax. 210-354-4034
Tom@CrosleyLawFirm.Com

JEFFREY T. EMBRY
State Bar No. 24002052
**HOSSLEY & EMBRY, LLP**
320 S. Broadway, Suite 100
Tyler, TX 75702
Tel. 903-526-1772
Fax.
Jeff@HossleyEmbry.com

ATTORNEYS FOR THE PLAINTIFF
AND THE PUTATIVE PLAINTIFF CLASS