IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SCOTT ELLIS, Individually, and on Behalf of himself and as Representative Of All Others Similarly Situated,<br>        Plaintiff,<br><br>v.<br><br>YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC.,<br>        Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO. 2:11-cv-138-JRG<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Pending before this Court is Defendant Yellow Book Sales and Distribution Company, Inc., now known as Yellowbook Inc., ("Yellowbook") Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 7.)  The Court, having considered the parties' written submissions, GRANTS Yellowbook's motion to dismiss.

**II.    Factual and Procedural Background**

Scott Ellis ("Ellis"), who is an attorney licensed in Texas, filed this lawsuit pursuant to the Texas Deceptive Trade Practices Act ("DTPA") and therein asserts that Yellowbook acted "unconscionably" when it downsized a telephone directory in which Ellis had contracted to purchase a full-page advertisement.  Although Ellis received the full-page advertisement he contracted for, Ellis claims that the reduced size of the entire directory itself (in terms of overall length and width) resulted in a smaller advertisement than he anticipated.   Ellis further claims that the change in book size occurred without notice to him or other members of the putative class. Ellis seeks to represent a class of "all Texas Consumers who paid money to [Yellowbook] for

2009-2010 or later [because] Yellowbook reduced size display advertising or directory listings." (Dkt. No. 1, at 6.)   Ellis demands actual damages, statutory treble damages, and other relief.

Yellowbook responds that: (1) the Texas Supreme Court has made clear that complaints of Ellis' nature cannot be brought under the DTPA; and (2) the contract Ellis entered into conclusively negates his factual allegations and constitutes an absolute legal bar to the maintenance of this suit.  (Dkt. No. 7.)  Yellowbook argues that under these circumstances, it is not possible for Ellis to state a valid claim under the Texas DTPA and that his Complaint must be dismissed under Rule 12(b)(6).[1]

## III.    Governing Law

### A.    Federal Rule of Civil Procedure 12

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal.  *See Jones v. Bock,* 549 U.S. 199, 215 (2007).

The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct.  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted.

---

[1] Ellis filed a Motion for Leave to File First Amended Complaint on May 23, 2011.  (Dkt. No. 12.)  The Court has carefully reviewed and considered herein Ellis' proposed Amended Complaint and finds that it does not cure the deficiencies regarding Ellis' DTPA claim for the same reasons as discussed herein.

*Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997).

There are two guiding principles in determining whether a complaint can survive a motion to dismiss. *Iqbal,* 129 S. Ct. at 1949-50. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id.* This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but is has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

While a motion under Rule 12(b)(6) tests the allegations made on the face of the complaint, the Court can consider documents that are referred to in the complaint or are introduced into the case by the complaint, even if the plaintiff has failed to attach them to his pleadings. *See, e.g., Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Consideration of documents referenced in the complaint does not operate to convert a Rule 12(b)(6) motion into a motion for summary judgment. *Williams v. Travelers Ins. Co.*, 99 F.3d 1135, 1136 (5th Cir. 1996).[2]

---

[2] Ellis does not dispute that the Court may appropriately consider the Terms and Conditions that are part of Ellis' contracts with Yellowbook and which form the basis for his purported DTPA claim. In light of this waiver, and Ellis' own reliance on the underlying contract, the Court will consider the underlying contract documents in evaluating Yellowbook's Rule 12(b)(6) motion to dismiss.

### B. Texas Deceptive Trade Practices Act

The Texas DTPA provides relief for consumers harmed by false, misleading or deceptive acts. When it applies, the DTPA provides aggrieved consumers with an array of remedies designed to discourage abusive conduct in consumer transactions. The Texas Supreme Court has made clear that a simple breach of contract, even if the aggrieved party is a "consumer," does not necessarily constitute a violation of the DTPA. *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996). A consumer, moreover, cannot transform a breach of contract claim into a DTPA claim through reliance on allegations that the defendant misrepresented its intention to perform the contract. A contrary rule "would convert every breach of contract claim into a DTPA claim," which is not what the Texas Legislature intended when it adopted the DTPA. *Id.*

## IV. Analysis

### *A. Ellis' Deceptive Trade Practices Act Claim Must Be Dismissed Under Rule 12(b)(6)*

Even taking each allegation in the Complaint as true, Ellis has failed to state a claim upon which relief can be granted. The Texas Supreme Court's decision in *Crawford* is on all fours with the present case and warrants further discussion. There, like here, the plaintiff contracted for a yellow page advertisement in a telephone directory. *Crawford*, 917 S.W.2d at 12. The *Crawford* plaintiff alleged that the sales agent represented to him that the success of his businesses was heavily dependent upon yellow page advertising, and that a yellow page ad would increase his business by at least seventy to eighty percent in the first year. *Id*. The plaintiff was also told that his advertisement would appear in a particular edition of the yellow pages. Based on these representations, the plaintiff signed a written contract for an advertisement. Thereafter, however, the publisher failed to print the advertisement.

The plaintiff in *Crawford* sued the publisher for having engaged in "unconscionable conduct under Section 17.50 of the DTPA" – precisely the same allegation that Ellis made here. In *Crawford*, the Texas Supreme Court held that, as a matter of law, the plaintiff's complaint sounded only in contract and failed to state a claim under the DTPA. As announced by the Texas Supreme Court, the duty to publish the advertisement arose solely from the parties' contract, and the additional allegations about misrepresentations during the formation of the contract where insufficient to raise any legitimate DTPA issue. The Court explained:

> The essence of these allegations is that (1) the defendants represented that they would perform the contract, and (2) nonperformance means that they misrepresented that they would perform under the contract. To accept this reasoning, however, would convert every breach of contract into a DTPA claim.
>
> [The publisher's] statements were nothing more than representations that the defendants would fulfill their contractual duty to publish, and the breach of that duty sounds only in contract. The <u>statements</u> themselves did not cause any harm. The failure to run the advertisement (the breach of the contract) actually caused the lost profits, and that injury is governed by contract law, not the DTPA.

917 S.W.2d at 14.

This Court's faithful application of *Crawford* requires dismissal of Ellis' claims under the DTPA. Ellis repeatedly acknowledges in his Complaint that his relationship with Yellowbook is contractual in nature and that it is solely by means of such contract that Yellowbook became obligated to publish his advertisement. (Dkt No. 1, at ¶ 13) ("The sales representative explained the features of the 2009-2010 edition, obtained the Plaintiff's agreement to purchase a full-page display ad with additional listings, calculated the $1,198.00 monthly charge, and secured the Plaintiff's signature on the contract on March 6, 2009"); *see also id.* ("***As with the named Plaintiff**, **each putative Class Member signed a standardized contract form*** based on a common

sales presentation that concealed Yellow Book's intent to downsize the 2009-2010 printed telephone directory.") (emphasis added).  Ellis' complaint does not contain any factual allegations that could circumvent application of the precedent established by *Crawford* and thereby convert this classic breach of contract claim into a viable claim under the DTPA.  Under *Crawford*, Ellis' asserted DTPA claim fails as a matter of law and must be dismissed.  *See Metropolitan Life Ins. Co. v. Hayden & Co.*, 158 F.3d 584 (5th Cir. 1998) (affirming 12(b)(6) dismissal of DTPA claims where there was no injury apart from contract damages); *Hernandez v. Ikon Office Solutions*, 306 F. Appx. 180, 182 (5th Cir. 2009) (affirming 12(b)(6) dismissal of DTPA claims where essence of claim was breach of contract).

### *B. The Contract Between the Parties Negates Ellis' Factual Allegations*

Even assuming *arguendo* that Ellis' Complaint stated some generally cognizable claim under the DTPA, the downsizing of the Yellowbook directory is not the sort of "unconscionable" act that is required under the DTPA.  Subsequent to its ruling in *Crawford* and in a clear step to further its implementation, the Texas Supreme Court held that exercising a contractual right set forth in the parties' agreement does not, as a matter of law, constitute an unconscionable action or a false, misleading or deceptive act under the DTPA.  *See, e.g., Dewitt County Elec. Co-op, Inc. v. Parks*, 1 S.W.3d 96, 103 (Tex. 1999).

As noted earlier, it is proper for this Court to consider the underlying written agreement between Ellis and Yellowbook.[3]  Although Ellis claims that Yellowbook had no right to reduce the size of its directory and that he was never told that the size of the directory might change, the

---

[3] Ellis' complaint specifically references and relies on his March 6, 2009, contract with Yellowbook.  (Dkt. No. 1, at ¶ 13.)  The Complaint also references and relies on his prior contracts with Yellowbook for advertisements in earlier actions of the Yellowbook directory.  *Id.* at ¶¶ 9-10.  Because Ellis references and relied upon these contracts, the Court can appropriately consider them without converting Yellowbook's Rule 12(b)(6) motion into a motion for summary judgment.  *See, e.g., Williams,* 99 F.3d at 1135.

contract Ellis signed explicitly refutes this allegation, plainly stating: "***Publisher may change the*** form, appearance, ***size*** and content ***of any of the Directories*** or of its Internet site ***at any time without notice to Customer***." (Dkt. No. 9, at Ex. C) (emphasis added.) Therefore, even if (despite *Crawford*) Ellis' DTPA claim were generally cognizable the plain language of the written contract establishes without question that Yellowbook had the unilateral ability to reduce the size of its directory. It is perhaps this clear absence of liability under a traditional breach of contract theory that has prompted Ellis to pursue his assertions under the DTPA. However, this Court finds that as a matter of law, the conduct complained of cannot be considered an "unconscionable" act as defined within the context of the DTPA.

**V.    Conclusion**

Neither Ellis' Original nor First Amended Complaint state a claim upon which relief can be granted, and therefore must be dismissed according to Rule 12(b)(6). There is no basis for Ellis to assert a valid claim under the DTPA based on the change in size to the Yellowbook directory in light of existing precedent as well as the clear and unambiguous language of the contract. Accordingly, Yellowbook's Rule 12(b)(6) Motion is GRANTED and the present action against Yellowbook is ORDERED dismissed with prejudice. In view of this action, Ellis' pending Motion for Leave to File Plaintiff's First Amended Original Complaint (Dkt. No. 12) and Yellowbook's pending Motion to Strike Ellis Affidavit (Dkt. No. 13) are hereby DENIED-AS-MOOT.

**So ORDERED and SIGNED this 2nd day of March, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE